■ GABRIEL KOWGIOS, Respondent, v. JOHNSON, DRAKE & PIPER, INC., Appellant.— Order [No. 10095], entered on October 20, 1965, granting summary judgment unanimously affirmed, with $50 costs and disbursements to respondent. Order [No. 10096], entered on December 3, 1965, denying motion for a rehearing reversed on the facts and the law and as a matter of discretion and summary judgment vacated without costs and without disbursements. At the time of the argument of the motion for summary judgment defendant's employee charged with the actual negligence had left its employ and his whereabouts were unknown. On the papers then before the court we would not be disposed to disagree with Special Term's conclusion. Some weeks later the former employee was located in Albany. We believe that sufficient diligence was shown so that Special Term in the exercise of proper discretion should have allowed a rehearing. This affidavit raises two questions to be resolved by the trier of the facts: whether, under the circumstances, the contact between the blade of the bulldozer and the ladder on which plaintiff was standing was the result of negligent operation; and whether, under the same circumstances, plaintiff's presence at the place and time constituted contributory negligence. Concur — Botein, P. J., Breitel and Steuer, JJ.; Rabin and Eager, JJ., dissent as to appeal No. 10096 in the following memorandum by Eager, J.: The motion by defendant for a rehearing was made nearly two months after the rendition of the order granting plaintiff's motion for summary judgment and pending an appeal from such order. Special Term, upon denying the motion, properly concluded that "No adequate explanation or reason has been advanced for the failure to include the affidavit of the operator of the bulldozer in the original papers submitted in opposition to the motion." Since this conclusion is well supported, there is no justification for interference with the exercise of discretion at Special Term to deny the motion. In any event, the affidavit of the operator of the bulldozer fails to disclose the existence of a triable issue with respect to his alleged negligence. He states that the plaintiff fell from the ladder when he (the operator) " was

backing away from a pile of dirt with the blade from my machine level with the grade. * * * I was not really sure that my machine hit the ladder but, if it did, it had to be a small portion of the protruding right of the blade." Plaintiff's proofs, however, including an affidavit by an eyewitness, clearly established that the blade of the bulldozer did hit the ladder; and thus, the operator's lack of knowledge does not raise an issue. The operator offers no explanation whatever for the collision with the ladder. In "backing" his bulldozer, he either did not look or lost control of the equipment. Absent "an explanation consistent with reasonable care", the inference of negligence is inescapable; and the motion for summary judgment was properly granted. (See *Gerard* v. *Inglese*, 11 A D 2d 381; also, *Di Sabato* v. *Soffes*, 9 A D 2d 297; *Colonial Sand & Stone Co.* v. *Tracy Towing Line*, 16 A D 2d 645.) Furthermore, on the undisputed facts, there is no issue as to plaintiff's alleged freedom from contributory negligence. The very general and conclusory statement by the bulldozer operator that he had "warned this man repeatedly to get out of my way", without a statement of time or circumstances, is meaningless. The plaintiff's presence on the ladder was required in the performance of his duties as a painter. He was entitled to assume that the bulldozer operator would respect his rights and exercise due care to avoid striking the ladder. We have heretofore pointed out that "timidity in exercising the [summary judgment] power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation." (*Di Sabato* v. *Soffes, supra*, p. 299.) Consequently, the summary judgment remedy unhesitatingly should be applied to personal injury cases where the undisputed facts justify a matter of law determination of the issues of negligence and contributory negligence. This is such a case; in fact, to create any issue, it is necessary to speculate as to the reasons for defendant's acts and what plaintiff might or could have done.